Fred O. Dickinson Acting Executive Director Department of Highway Safety and Motor Vehicles
QUESTION:
Does the 18 percent reduction of the civil penalty imposed by s.318.18(3), F.S., authorized in s. 318.14(9), F.S., apply to all traffic offenses or only to those offenses specified in s.318.18(3), F.S.?
SUMMARY:
The 18 percent reduction of the civil penalty authorized in s.318.14(9), F.S., applies only to those offenses specified in s.318.18(3), F.S., i.e., moving violations not requiring a mandatory appearance.
Section 318.14(9), F.S. 1989, formerly provided that a person cited for an traffic infraction, other than certain specified violations, could elect to attend a driver improvement course in lieu of payment of a civil penalty or court appearance. The statute was amended by s. 1, Ch. 91-200, Laws of Florida, to remove the waiver of the civil penalty when a person attends a driver improvement course. As amended, s. 318.14(9), F.S., now provides:
 Any person cited for an infraction under this section other than a violation of s. 320.0605(1), s. 320.07(3)(a), s. 322.065, s. 322.15(1), s. 322.61, or s. 322.62 may, in lieu of a court appearance, elect to attend in the location of his choice a driver improvement course approved by the Department of Highway Safety and Motor Vehicles. In such case, adjudication shall be withheld; points, as provided by s. 322.27, shall not be assessed; and the civil penalty that is imposed by s. 318.18(3) shall be reduced by 18 percent; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection. (e.s.)
Therefore, while the waiver of the civil penalty was deleted, the Legislature reduced the penalty imposed by s. 318.18(3), F.S., by 18 percent when a person attended a driver improvement course.[1]
This office recently stated that s. 316.14(9), F.S., as amended by s. 1, Ch. 91-200, Laws of Florida, applies to those noncriminal traffic infractions set forth in s. 318.14, F.S.[2] The present inquiry, however, specifically concerns the interpretation of that portion of the statute authorizing the reduction of the civil penalty imposed by s. 318.18(3) by 18 percent.
Section 318.18(3), F.S., prescribes a civil penalty of:
Fifty-two dollars for all moving violations not requiring a mandatory appearance. With respect to violations involving an unlawful speed, there shall be added to such 52 an amount equal to 2 for every mile per hour over the lawful speed limit.
The penalty imposed by s. 318.18(3), F.S., applies to all moving violations not requiring a mandatory appearance. For such violations, a 52 penalty is imposed with an additional 2 for every mile over the lawful speed limit imposed when such violation involves an unlawful speed.
Legislative intent controls the construction of statutes. That intent, however, is determined primarily from the language of the statute; the plain meaning of the language used in the statute is the first consideration in the interpretation of a statute.[3]
Section 318.14(9), F.S., clearly states that the civil penaltyimposed by s. 318.18(3), F.S., shall be reduced by 18 percent. Section 318.18(3), F.S., imposes a penalty for moving violations not requiring a mandatory appearance.
Accordingly, I am of the opinion that the 18 percent reduction of the civil penalty authorized in s. 318.14(9), F.S., applies only to those offenses specified in s. 318.18(3), F.S., i.e., moving violations not requiring a mandatory appearance.
RAB/tjw
[1] Committee Substitute for Senate Bill 2010, enacted as 91-200, Laws of Florida, was explained during a meeting of the Senate Finance, Taxation and Claims Committee, as "not an increase, but it's doing away with a waiver; it is not an increase in anything that the public faces." See, Tape on CS/SB 2010, Committee on Finance, Taxation Claims, Florida Senate, April 3, 1991.
[2] Attorney General Opinion 91-100.
[3] See, e.g., St. Petersburg Bank Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982); Opperman v. Nationwide Mutual Fire Insurance Co., 515 So.2d 263 (5 D.C.A. Fla., 1987) (legislative intent is to be determined primarily from the language of the statute and where that language is clear and unambiguous and conveys a clear and unambiguous meaning, there is no occasion for resorting to the rules of statutory construction).